**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Chad Scott Lawrence,<br>Plaintiff,<br>v.<br>Ryan Thornell, et al.,<br>Defendants. | No. CV-25-04638-PHX-DWL (MTM)<br>**ORDER** |

On December 11, 2025, Plaintiff (who is proceeding *pro se*) initiated this action by filing a civil rights complaint. (Doc. 1.) The case was referred to Magistrate Judge Morrissey for further proceedings. (Doc. 4.)

On January 12, 2026, the Court issued a screening order. (Doc. 9.) As for Count One (a First Amendment retaliation claim against Thornell, Negron, Romney, Thorn, and Jensen), the Court allowed the claim to proceed against all named Defendants except Jensen. (*Id.* at 7.) As for Count Two (an excessive force claim against Thorn, Thornell, John Does 1-4, and Jane Does 1-3), the Court allowed the claim to proceed against Jane Doe 1 and John Does 2-4 but specified that Plaintiff had "120 days to discover the actual names of Defendants Jane Doe 1 and John Does 2-4, through subpoena or otherwise, and substitute their actual names by filing a 'notice of substitution.'" (*Id.* 7-8.) As for Count Three (a failure-to-protect claim against Thorn, Thornell, John Does 1-4, and Jane Does 1-3), Count Four (a deliberate indifference claim against Romney and unspecified staff members), and Count Five (a deprivation of property claim), the Court dismissed each

claim without prejudice. (*Id.* at 8-12.)

On January 20, 2026, Plaintiff filed a motion for leave to file a First Amended Complaint ("FAC"). (Doc. 11.)

On January 30, 2026, the Court granted the motion, finding that Count Four of the proposed FAC "sufficiently alleged that Defendant Romney was deliberately indifferent to [Plaintiff's] medical needs." (Doc. 13 at 2-3.) The Court also clarified that the 120-day deadline for filing a notice of substitution as to Jane Doe 1 and John Does 2-4s would run from the date of the Court's order, i.e., it would expire on May 30, 2026. (*Id.* at 5.)

On March 19, 2026, Plaintiff moved to voluntarily dismiss Count Four. (Doc. 23.) The motion was subsequently granted. (Doc. 53.)

On April 14, 2026, Judge Morrissey issued the scheduling order. (Doc. 27.) Among other things, it set a deadline of September 11, 2026 for the service of written discovery requests and limited each party to 25 interrogatories, 15 requests for production, and 10 requests for admission. (Doc. 27 at 2; Doc. 32 [clarifying that these limits apply to each party].)

On May 27, 2026, Plaintiff filed a motion to substitute John Doe 2 with Lieutenant Wagner, John Doe 3 with Sargent Rangel, John Doe 4 with COII Sepulveda, and Jane Doe 1 with "Sargent" Dean. (Doc. 33.) This request was granted. (Doc. 34.)

On June 18, 2026, Plaintiff filed a motion for leave to file a Second Amended Complaint ("SAC"). (Doc. 37.) More specifically, Plaintiff sought leave to (1) modify the statement of facts underlying Count One, (2) add new defendants to Count One (*i.e.*, Gregory Pearch and Deputy Warden Mooney), (3) "reformat[] the entire Supporting Statement of Facts," and (4) update the caption to include the true names of the John/Jane Doe defendants. (*Id.* at 1.) Plaintiff also argued that, based on the newly added facts, the Court should re-screen Count One as to the defendants who were previously dismissed as to that claim. (*Id.*) Plaintiff did not, however, provide any explanation for why he had not previously sought to name Pearch and Mooney as Defendants or why had not previously alleged the proposed new facts.

On June 23, 2026, Plaintiff filed a motion for leave to serve additional written discovery requests beyond those authorized in the scheduling order. (Doc. 39.) More specifically, Plaintiff sought permission to serve (a) up to 25 interrogatories, 15 requests for production, and 10 requests for permission on *each* Defendant; or (b) a total of 275 interrogatories, 165 requests for production, and 110 requests for admission "to be allocated among Defendants as Plaintiff deems appropriate." (*Id.* at 5.)

On July 31, 2026, Judge Morrissey issued an order denying both of Plaintiff's motions. (Doc. 46.) As for the amendment request, Judge Morrissey explained: "Plaintiff has already amended his complaint and has delayed this matter with his continual attempts to amend it over again. Notably, this matter is almost eight months old, and the discovery deadline is just over a month away. Allowing Plaintiff to continue to amend at this point in the litigation adding new Defendants and claims that were known at the inception of this action would unduly prejudice Defendants, who have already expended significant time and resources responding to Plaintiff's filings." (*Id.* at 2.) As for Plaintiff's motion to modify the discovery limitations in the scheduling order, Judge Morrissey explained: "As the Court has previously noted, the deadlines and limitations set forth in the Court's scheduling and discovery Order will be enforced." (*Id.*)

Now pending before the Court are Plaintiff's objections to Judge Morrissey's July 31, 2026 order. (Doc. 49.) First, Plaintiff disputes that he is seeking to add new Defendants and claims that were previously known to him, arguing that his proposed amendments are based on new information he learned during the discovery process. (*Id.* at 2.) In support of this assertion, Plaintiff attaches a declaration avowing that he did not learn about Pearch's "actions or involvement" until May 13, 2026, when he was notified of the results of a public records request, and did not learn until April 2026 "that Defendant Thornell was involved in a separate civil action, and that Mr. Thornell had not implement[ed] policys [sic], procedures, or grievances to deal with retaliation within ADCRR." (*Id.* at 7.) Second, Plaintiff disputes that he has engaged in any actions to delay this litigation. (*Id.*) Third, Plaintiff disputes that Defendants would be prejudiced by amendment. (*Id.* at 3.)

Plaintiff argues, for example, that no discovery would need to be repeated and no deadlines would require extension. (*Id.*) Fourth, as for the denial of his request to expand the scope of written discovery, Plaintiff reiterates his earlier argument that the scope of this litigation justifies increased discovery. (*Id.* at 3-4.)

On August 14, 2026, after Plaintiff filed his objection, Defendants filed a motion to extend the deadlines in the scheduling order. (Doc. 50.) Plaintiff filed an opposition (Doc. 51), but the motion was granted and the fact discovery deadline was extended to November 10, 2026. (Doc. 52.)

Turning back to Plaintiff's objections, under Rule 72(a) of the Federal Rules of Civil Procedure, when a magistrate judge issues an order resolving a nondispositive matter,[1] "[a] party may serve and file objections to the order within 14 days after being served," after which "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." "The clearly erroneous standard applies to the magistrate judge's factual findings . . . [while] the contrary to law standard applies to the magistrate judge's legal conclusions, which are reviewed de novo." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 458 (D. Ariz. 2012) (cleaned up). "Review under the clearly erroneous standard requires considerable deference; the findings . . . stand unless the [reviewing] court has the definite and firm conviction that a mistake has been committed." *Ambassador Hotel Co., Ltd. v. Wei-Chuan Inv.*, 189 F.3d 1017, 1024 (9th Cir. 1999) (cleaned up).

Applying these standards, Plaintiff's objections are overruled. As for the amendment request, it was neither clearly erroneous nor contrary to law for Judge Morrissey to conclude, based on the arguments and evidence presented in Plaintiff's

[1] Both of the motions at issue here are non-dispositive. *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102 n.1 (9th Cir. 1985) ("Dominator's motion for leave to amend its complaint was properly treated as a nondispositive motion."); *Seto v. Thielen*, 519 F. App'x 966, 969 (9th Cir. 2013) ("A motion for leave to amend is a nondispositive motion which a magistrate judge may properly decide."); *Mavrix Photographs, LLC v. Livejournal, Inc.*, 873 F.3d 1045, 1051 (9th Cir. 2017) ("The district court's denial of a motion to reconsider a magistrate judge's pretrial discovery order under Federal Rule of Civil Procedure 72(a) will be reversed only if 'clearly erroneous or contrary to law.'").

motion, that Plaintiff was seeking to add new facts and Defendants Plaintiff could have included in earlier versions of his complaint and that allowing such an amendment on the eve of the discovery cutoff would be unfairly prejudicial and result in undue delay.

The Court recognizes that Plaintiff has now supplied, albeit belatedly, argument and evidence as to why one of the proposed Defendants he sought to add—Pearch—was not known to him until May 2026. But Plaintiff did not present this argument and evidence to Judge Morrissey as part of his amendment request, and as discussed above, it was not clearly erroneous or contrary to law for Judge Morrissey to conclude—based on the record before him—that the amendment request was impermissible. Perhaps Plaintiff could have filed a motion for reconsideration with Judge Morrissey based on this evidence, but Plaintiff instead chose to seek review of Judge Morrissey's ruling under Rule 72(a).

"Courts in this district have specifically found that in reviewing the magistrate judge's order for factual error on a non-dispositive motion, the district court is limited to the record that the magistrate judge had before her in the proceeding below." *Ford v. Ford Motor Co.*, 2014 WL 13130453, *4 n.2 (C.D. Cal. 2014) (cleaned up). "An objection filed pursuant to 28 U.S.C. § 636(b)(1)(A) or Rule 72(a) may not be wielded as a shoehorn to add material to the record." *McAdam v. State Nat. Ins. Co., Inc.*, 15 F. Supp. 3d 1009, 1013 n.1 (S.D. Cal. 2014). "This Court's function, on a motion for review of a magistrate judge's [non-dispositive] orders, is not to . . . determine what is the best possible result considering all available evidence. It is to decide whether the Magistrate Judge, *based on the evidence and information before him*, rendered a decision that was clearly erroneous or contrary to law. Therefore, parties objecting to a magistrate judge's [non-dispositive] order may not present . . . evidence not presented below." *Paramount Pictures Corporatione v. Replay TV*, 2002 WL 32151632, *1 (C.D. Cal. 2002) (emphasis added). *See also Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("The clear and unambiguous language of [28 U.S.C. § 636] provides for different standards of review when the district court 'reconsiders' rulings of the magistrate judges in non-dispositive matters under (b)(1)(A) and when it considers 'written objections' to 'proposed findings and recommendations' of

the magistrate judge in dispositive matters under (b)(1)(B) and (C). . . . In a subparagraph (A) matter, the district court is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact."); *State Farm Mut. Auto. Ins. Co. v. CPT Medical Servs., P.C.*, 375 F. Supp. 2d 141, 159 (E.D.N.Y. 2005) ("Defendants have not cited any case, and the Court has not found one, in which Rule 72(a) objections are sustained based on evidence not presented to the magistrate judge.").

Nor did Judge Morrissey clearly err or otherwise rule in a manner that was contrary to law when he declined to amend the scheduling order to authorize Plaintiff to issue hundreds of written discovery requests. Such a massive expansion of the scope of discovery would be contrary to Rule 26's proportionality principle.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections (Doc. 49) are **denied**.

Dated this 3rd day of September, 2026.

Dominic W. Lanza
United States District Judge